IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTINE HARKINS,                          )
                                            )
              Plaintiff,                    )
                                            )
      v.                                    )          Civil Action No.  20-1728
                                            )
COMMISSIONER OF SOCIAL SECURITY,            )
                                            )
              Defendant.                    )


**<u>ORDER</u>**

AND NOW, this 10th day of February, 2022, the Court, having considered the parties'
cross-motions for summary judgment and upon review of the Commissioner of Social Security's
final decision denying Plaintiff's claim for disability insurance benefits under Title II of the
Social Security Act ("Act"), 42 U.S.C. §401 *et seq.,* and denying Plaintiff's claim for
supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C.
§1318, *et seq.,* finds that the Commissioner's findings are supported by substantial evidence and,
accordingly, affirms.  *See* 42 U.S.C. §405(g); *Biestek v. Berryhill,* 139 S.Ct. 1148, 1154 (2019)
(explaining substantial evidence demands only that the "existing administrative record…contains
'sufficien[t] evidence' to support the agency's factual determinations"); *Jesurum v. Secretary of
U.S. Department of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995).  *See also Berry
v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the
Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]     Plaintiff argues that the Administrative Law Judge ("ALJ") crafted a residual functional capacity ("RFC") based on his own lay interpretation of the "complex" medical evidence.  In support of this proposition, Plaintiff cites *Gormont v. Astrue*, No. 3:11-cv-02145, 2013 WL 791455 (M.D. Pa. Mar. 4, 2013), and more significantly, the case on which the decision in *Gormont* is based – *Doak v. Heckler*, 790 F.2d 26 (3d Cir. 1986).  While there certainly is a range of opinions on the matter among the judges in the Third Circuit, this Court has consistently found that the decision in *Doak* does not, as Plaintiff suggests, provide that an ALJ's RFC findings must be based on a particular medical opinion or that an ALJ may only reject a medical opinion as to functional limitations based on another opinion.

As this Court has explained previously, not only is this interpretation consistent with a plain reading of *Doak*, but it is also consistent with subsequent Third Circuit case law, which has consistently provided that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011).  *See also* 20 C.F.R. §§ 404.1520c; 416.920c; 404.1546(c), 416.946(c).  It is also consistent with the Third Circuit's statement that "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC."  *Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006).  *See also Chandler*, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert).  As the Circuit Court explained in *Titterington*, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." 174 Fed. Appx. at 11.  Consistent with this later case law, *Doak* does not prohibit the ALJ from making an RFC assessment even if no doctor has specifically made the same findings.  *See Hayes v. Astrue*, Civ. No. 07-710, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007).  The Third Circuit, in *Doak*, did nothing more than make a substantial evidence finding in light of the record of the case and did not purport to create a rule that an RFC determination must be based on a specific medical opinion, and subsequent Third Circuit case law confirms this understanding.  *See also Mays v. Barnhart*, 78 Fed. Appx. 808, 813 (3d Cir. 2003); *Carter v. Colvin*, No. 2:14-1498, 2015 WL 1866208, at *10 n.3 (W.D. Pa. Apr. 23, 2015); *Goodson v. Colvin*, Civ. No. 13-1719, 2014 WL 5308021, at *3 (Oct. 16, 2014).  As the Honorable Terrence McVerry pointed out in *Cummings v. Colvin*, 129 F. Supp. 3d 209, 214-17 (W.D. Pa. 2015), there is no reason to strain the interpretation of *Doak* and its progeny so as to create conflict with later case law where none is apparent or intended.

To that end, an ALJ is charged with formulating the RFC based on all of the relevant evidence.  *See* 20 C.F.R. §§404.1545(a), 416.945(a).  After a careful review and reading the decision of the ALJ as a whole, and contrary to Plaintiff's assertions otherwise, the Court finds the ALJ did just that.  The ALJ provided an adequate explanation for how he arrived at the RFC of light work with certain exceptions allowing this Court to conduct a proper and meaningful review.  For example, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms be not entirely consistent with the medical evidence and

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 15) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 17) is GRANTED.

                                        BY THE COURT:

                                        /s  Alan N. Bloch
                                        United States Senior District Judge


ecf:    Counsel of Record

---

other evidence of record.  (R. 18).  In so doing, the ALJ compared Plaintiff's statements to the medical evidence of record during the relevant period of time, the treatment records, objective tests, the opinion evidence, and Plaintiff's activities of daily living.  (R. 18-24).  Additionally, the ALJ specifically stated that he accommodated Plaintiff's "arthritis by limiting her to no more than light exertion, with some postural limitations for the claimant's knee and hip arthritis. Precluding work around hazards such as heights and moving machinery would accommodate any distractions from migraines, anxiety and pain.  Placing the [Plaintiff] in a stable work environment performing unskilled work with no public contact and limited contact with coworkers would accommodate any distraction from her anxiety as well as accommodating headache symptoms." (R. 23).

The Court further notes that a plaintiff need not be entirely pain free or experiencing no discomfort at all in order to be found not disabled under the Act.  *See Andreolli v. Comm'r of Soc. Sec.*, No. 07-1632, 2008 WL 5210682, at *4 (W.D. Pa. Dec. 11, 2008).  Moreover, although Plaintiff does not agree with the ALJ's decision in this case, the question for the Court is not whether the ALJ could have reasonably made a different finding based on the record, but rather, whether the ALJ's actual findings are supported by substantial evidence of record. *See Simmonds v. Heckler*, 807 F.2d 54, 58 (3d Cir. 1986).

Accordingly, for the reasons stated herein, the Court finds that substantial evidence supports the ALJ's decision.  Thus, the decision is affirmed.

3